Filed 10/7/15  P. v. Cisneros CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RAMON CISNEROS,<br><br>    Defendant and Appellant. | F068718<br><br>(Super. Ct. No. MCR044559)<br><br>**OPINION** |

---

### <u>THE COURT</u>*

APPEAL from a judgment of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

Gideon Margolis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Peter H. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Kane, Acting P. J., Poochigian, J. and Detjen, J.

## INTRODUCTION

Appellant Ramon Cisneros was convicted of multiple offenses, including lewd and lascivious acts and attempted digital penetration, against two child victims. Cisneros contends his convictions must be reversed because the trial court allowed evidence of an uncharged sexual offense to be admitted pursuant to Evidence Code section 1108.[1] We disagree with Cisneros's contention and affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

An amended information charged Cisneros in count 1 with committing a lewd and lascivious act on Jane Doe 1, a child under the age of 14 years, in 2006; counts 2 and 3 charged Cisneros with committing a lewd and lascivious act on Jane Doe 1 by use of force, violence, or duress between November 2009 and November 2010; count 4 charged that between September 2007 and September 2008 Cisneros digitally penetrated Jane Doe 2, a child aged 10 or under, when he was over 18 years; and count 5 charged Cisneros with committing a lewd and lascivious act on Jane Doe 2, a child under the age of 14 years, between September 2007 and September 2008. It was further alleged as to counts 1, 2, 3, and 5 that Cisneros was convicted in the present case of committing an offense specified in Penal Code section 667.61, subdivision (c) against more than one victim.

On May 28, 2013, a jury trial commenced. O. H. testified that she is part of a large family; she has two sisters and one brother. Her youngest sister is married to Cisneros. Members of the extended family often gathered together for birthdays, holidays, and to enjoy barbeques together. Her brother is the father of Jane Doe 1; her oldest sister is the mother of Jane Doe 3; and O. is the mother of Jane Doe 2.

---

[1] All statutory references are to the Evidence Code unless otherwise specified.

Between 2004 and 2005, Cisneros and his wife lived in his wife's parents' home. O. and her two children also were living in the home. O.'s parents were ill, and O. and her siblings would take turns living with and caring for their parents. Family gatherings usually were held at O.'s parents' house. After O.'s parents died, the gatherings usually were at the Cisneros house.

***Jane Doe 1***

Jane Doe 1 was a freshman in high school at the time of Cisneros's trial. One time when she was in the third grade, she was at her grandparents' house doing her homework at the kitchen table; Cisneros was in the living room. She called to her mother to come help her with some homework. Her mother did not respond, but Cisneros offered to help. Jane Doe 1 walked over and sat next to Cisneros on the couch. Jane Doe 1 was wearing shorts at the time. When she sat down next to Cisneros, he began rubbing the inner thigh of her left leg with his hand. Cisneros's hand went up her leg toward her crotch; his thumb went under her shorts and he was moving it against her thigh in a circular motion. She got up and walked back to the kitchen table because it was "not a good feeling."[2]

On another occasion that occurred in 2008, the family had gathered for a birthday party. When the children came inside after playing, Cisneros offered candy to all the children except Jane Doe 1. When Jane Doe 1 asked for candy, Cisneros put his arms around her shoulder and walked her into his bedroom.

In the bedroom, Cisneros sat Jane Doe 1 on his lap and started rubbing her leg. He started squeezing her to make sure she did not leave; she asked him to stop. Cisneros mumbled something and started rubbing Jane Doe 1's "private area." She got up to leave, but Cisneros pulled her back and leaned her over the bed. He then put his hands

---

**2**    Jane Doe 1 first said Cisneros's thumb was "[u]nder" her shorts; then she said his thumb was "[j]ust barely" under her shorts. Later, the prosecutor asked Jane Doe 1, "do you mean like inside your shorts" or "lower on your leg?" Jane Doe 1 replied, "Lower on my leg."

down her shirt and touched her breasts underneath her bra. She did not tell anyone because she was afraid she would get into trouble.

### Jane Doe 2

At the time of trial, Jane Doe 2 was in the eighth grade. She estimated she was about eight years old when Cisneros molested her. At the time, she was living with her mother and others in the Cisneros home.

After a birthday party, everyone had gone to the store except Jane Doe 2 and Cisneros. Jane Doe 2 was in her bedroom watching television when Cisneros called her into his bedroom. Cisneros was seated in a chair, stated he had some candy for her, and asked her to come stand next to him. After she was standing next to him, Cisneros reached out and touched her on her stomach. He then unzipped her pants and reached inside her pants with his hand, touching her vaginal area and moving his fingers around. Jane Doe 2 felt uncomfortable and scared. She thought about telling her mother about the incident, but was afraid to do so.

### Jane Doe 3

Jane Doe 3 was 27 years old at the time of trial. She testified to uncharged acts pursuant to section 1108. When she was eight or nine, she was spending the night at her grandparents' home. Cisneros, her uncle, was living there at the time. Jane Doe 3 was sleeping on the floor in the living room one night when she awoke to find Cisneros hovering over her with his hand in her underpants. It felt like his fingers were rubbing her vagina. She pretended to be asleep and waited for him to stop. She did not tell anyone about the incident until about a year prior to Cisneros's trial.

Sometime after high school, when she was 17 or 18 years old, Jane Doe 3 went to visit her grandmother. While lying on her stomach in a bedroom, Cisneros came in and rubbed her back up and down over her clothing. She had not asked him to do this. Cisneros asked if everything was all right and she said she was fine. The incident did not last very long, but she was afraid something "like that" was going to happen again.

4.

*Defense Case*

Cisneros's daughter and two nieces related to him by blood, all in their late 30's or early 40's at the time of trial, testified that Cisneros never touched them inappropriately.

A family friend testified she met Cisneros through his sons; she never saw Cisneros act inappropriately with her five-year-old daughter when they lived in the Cisneros home. A niece of Cisneros's first wife testified Cisneros never touched her in an inappropriate manner.

*Convictions and Sentence*

The jury found Cisneros guilty on counts 1, 2, 3, and 5, but not guilty of count 4. As to count 4, the jury found Cisneros guilty of the lesser included offense of attempted digital penetration. The special allegation was found true.

On January 10, 2014, the trial court sentenced Cisneros to the aggravated terms on counts 1 and 3, for a total determinate term of 16 years; on counts 2 and 5 the trial court imposed consecutive 15-years-to-life indeterminate terms; and the term imposed for count 4 was stayed pursuant to Penal Code section 654.

## DISCUSSION

Cisneros's sole contention on appeal is that the trial court erred prejudicially when it admitted evidence of the uncharged sex offenses involving Jane Doe 3.

*Factual Summary*

Before trial the People filed a motion to admit evidence of uncharged sexual offenses involving Jane Doe 3 pursuant to section 1108. Cisneros filed an opposition to the motion, asserting the evidence should be excluded pursuant to section 352 because it was remote in time and had no probative value as it occurred on one occasion in 1993 or 1994.

On May 28, 2013, the trial court held a hearing on the People's motion to admit section 1108 evidence. Cisneros argued that in addition to the section 352 argument

raised in his opposition, allowing the testimony of Jane Doe 3 would create a "mini trial," with no ability to present a defense because of the lapse of time. The People argued that Jane Doe 3 had suffered inappropriate touching by Cisneros on two occasions, once in 1993 and once in 2003.

The trial court noted that the information alleged charges back to 2004, and the trial court opined that the Jane Doe 3 offenses, therefore, were "not too remote." The trial court also noted that "any evidence under 1108 is prejudicial." The proposed evidence, moreover, was not "overly prejudicial or substantially prejudicial in comparison to the probative effect." Further, the proposed evidence was "similar type of conduct" to the charged offenses and there was only one witness who would be testifying. The trial court concluded that section 352 did not preclude admission of the proposed section 1108 evidence and ruled that the evidence would be allowed.

*Analysis*

An appellate court applies the abuse of discretion standard to a trial court's decision to admit section 1108 evidence. (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124-1125; *People v. Wesson* (2006) 138 Cal.App.4th 959, 969.) "'Under the abuse of discretion standard, "a trial court's ruling will not be disturbed, and reversal of the judgment is not required, unless the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice."'" (*People v. Lewis* (2009) 46 Cal.4th 1255, 1286.)

The alleged acts committed against Jane Doe 3 and the charged offenses against Jane Does 1 and 2 are all offenses that fall within the express language of section 1108, subdivision (d)(1)(A). Therefore, the alleged sexual offenses against Jane Doe 3 are "indisputably relevant." (*People v. Branch* (2001) 91 Cal.App.4th 274, 282-283 (*Branch*).)

We find nothing arbitrary, capricious, or patently absurd about the trial court's decision to admit testimony from Jane Doe 3. The trial court conducted a section 352

7.

hearing on May 28, 2013, before ruling on the admissibility of the section 1108 evidence. The trial court weighed the probative value against the various factors to be considered in determining admissibility: (1) the nature of the uncharged conduct; (2) remoteness in time; (3) the possibility of confusion of the issues; and (4) the amount of time to present the uncharged offense evidence. (*Branch, supra,* 91 Cal.App.4th at p. 282.)

The trial court noted that the last alleged act against Jane Doe 3 occurred in 2003, and the charged offenses against Cisneros included charges dating from 2004. The trial court concluded the section 1108 evidence, therefore, was not remote. "No specific time limits have been established for determining when an uncharged offense is so remote as to be inadmissible." (*Branch, supra,* 91 Cal.App.4th at p. 284.) Time gaps of up to 30 years between the charged offenses and the section 1108 offenses have been found not so remote as to preclude admission of the section 1108 evidence. (*Branch,* at pp. 284-285.)

The trial court also weighed the nature of the uncharged conduct, finding it was similar in nature to the charged conduct. All three victims were about eight or nine years old when Cisneros first sexually abused them. All of the offenses occurred where Cisneros was living. With all three victims, Cisneros rubbed or touched their vaginas with his hand. All three victims were nieces of his wife and Cisneros took advantage of a position of trust as their uncle. The trial court's conclusion that the uncharged offenses were similar to the charged offenses was supported by substantial evidence.

Additionally, the trial court considered the amount of time to present the evidence, with the trial court noting only one witness would be testifying. Jane Doe 3's testimony was a small portion of the trial. It covered only 25 pages of the reporter's transcript, which was over 2,000 pages.

Cisneros, however, contends the section 1108 evidence was unduly prejudicial and confused the issues because he never was charged or convicted of offenses relating to Jane Doe 3. As for confusion of the issues, there is nothing in the record to indicate the jury was confused by Jane Doe 3's testimony. (*Branch*, *supra*, 91 Cal.App.4th at p. 284.)

8.

The jury requested a readback of Jane Does 1 and 2's testimony; no readback of Jane Doe 3's testimony was requested.

Regarding undue prejudicial effect, the trial court concluded the jury would not be "overly prejudiced by the conduct," and the section 1108 evidence was not "overly prejudicial … in comparison to the probative effect." As for the claim of undue prejudice by Cisneros, he cites to *People v. Harris* (1998) 60 Cal.App.4th 727 (*Harris*) in support of this contention. *Harris,* however, does not support Cisneros's contention.

In *Harris,* the appellate court held the propensity evidence should not have been admitted because the conduct was too dissimilar from the conduct at issue. The section 1108 evidence at issue in the *Harris* case was the forcible and violent rape of a stranger; the charged offenses in the case involved sexual offenses against acquaintances, who, because of their mental health conditions, put up no or little resistance. (*Harris*, *supra*, 60 Cal.App.4th at p. 738.) Here, as the trial court correctly concluded, the offenses testified to by Jane Doe 3 were substantially similar to the charged offenses committed against Jane Does 2 and 3.

As for Cisneros's claim that the section 1108 evidence was unduly prejudicial because he was not charged or convicted of any offense against Jane Doe 3, any such potential impact was eliminated by the jury instructions, where the jurors were instructed with CALCRIM No. 303, limited purpose evidence and also with a pinpoint instruction on uncharged acts, CALCRIM No. 1191. We presume the jury followed these instructions, as there is no indication to the contrary in the record. (*People v. Prince* (2007) 40 Cal.4th 1179, 1295.)

**DISPOSITION**

The judgment is affirmed.